UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v.  )<br>  )<br>KORVEL DENNIS PITTMAN, )<br>  )<br>Defendant. ) | Case No.  03-40095 |

## ORDER

This case was sent back to this court on limited Remand of Pittman's sentence in accordance with United States v. Paladino, 401 F. 3d 471(7th Cir. 2005).

After receiving the Remand, the court studied the presentence report and received briefs from counsel as to whether the court should ask to have the case returned here for a new sentencing hearing.  On January 26, 3006, the court held oral argument by phone conference.

On February 13, 2004, the Defendant entered a conditional plea of guilty to a  charge of Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §922(g).  On June 17, 2004, the court sentenced the Defendant to imprisonment for 188 months (the bottom of the Guideline range), plus a supervised release term of five years and a special assessment of $100.

The court finds that, if the case is Remanded to this court, the court would seriously consider a new sentence of less than 188 months. At such resentencing the court could not impose a sentence of less than 180 months, the statutory mandatory minimum.

At the sentencing hearing the court carefully considered all of the evidence and arguments of counsel and the presentence report. As the record indicates, although the court found good reason for the application of the statutory mandatory minimum sentence to this Defendant, the court also felt that, in the exercise of discretion, the sentence at the bottom of the Guideline range was higher than the court probably would have placed the sentence.

A review of all of the factors set out in 18 U.S.C. §3553 does not change the court's conclusion. All of the government's arguments are substantially correct. The court, however, feels that, taking the entire record into account, a sentence of less than 188 months would be sufficient but not greater than necessary to comply with all of the factors of §3553 and also comply with the mandatory minimum sentence.

Therefore, the court requests that the Court of Appeals Remand this case for resentencing. In making this request, the court is cognizant of Judge Posner's wording in the appellate case <u>United States v. Pittman</u>, 411 F.3d 813, 818 (7th Cir. 2005) which questions the practical significance of a reduction of up to 8 months

off the sentence:

> A further consideration is that a tiny increment to a long sentence has little practical significance, given discounting to present value(because people discount costs and benefits that accrue only in the future), so the judge might decide that there was no good reason to depart from the guidelines.

With all respect, since I am not the person serving the sentence, I am unwilling to say that a reduction of the sentence by up to 8 months would be insignificant. Also, the court is hopeful that, once the case is Remanded, counsel will agree to handle the resentencing by telephone conference, including the Defendant. At such a telephone conference hearing the court can formally consider changing the sentence without putting the Bureau of Prisons to the expense and trouble of bringing the Defendant back into court for an in person resentencing.

This court respectfully requests that the Court of Appeals Remand the case for resentencing.

Entered this 21st day of February, 2006.

s/ Michael M. Mihm
Michael M. Mihm
U.S. District Judge
